UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| LONNIE BERNARD DAVIS, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6:18-CV-165-CHB |
| ) | |
| v. ) | |
| ) | |
| WARDEN, ) | **MEMORANDUM OPINION AND ORDER** |
| ) | **DENYING HABEAS RELIEF** |
| Respondent. ) | |
| ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Lonnie Bernard Davis is a federal inmate currently housed at the Federal Correctional Institution ("FCI") – Butner Medium II located in Butner, North Carolina. Proceeding without a lawyer, Davis has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1][1] The Respondent has filed a response to the petition [R. 14]. Davis did not originally file a reply to the response and the time for doing so has now expired. However, after filing its Response, the Respondent filed a notice directing the Court's attention to a published decision recently issued by the United States Court of Appeals for the Fourth Circuit, *United States v. Dinkins*, 928 F.3d 349 (4th Cir. 2019). [R. 25; R. 26] In *Dinkins*, the Fourth

---

[1] At the time that Davis filed his petition, he was housed at FCI-Manchester, located in Manchester, Kentucky. Because Davis was incarcerated in this judicial district when he filed his § 2241 petition, he was required to file it in the Eastern District of Kentucky. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (because the only proper respondent to a habeas petition is the petitioner's custodian at the time of filing, it must be filed in the district court where the prisoner is incarcerated). This Court did not lose jurisdiction over this matter when Davis was transferred to a prison located outside the Eastern District of Kentucky. *Id*. at 444 ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release.").

-1-

Circuit recognized that the case that Davis primarily relies upon in his habeas petition, *United States v. Gardner*, 823 F.3d 793 (4th Cir. 2016), has been abrogated by a subsequent decision issued by the United States Supreme Court. Accordingly, the Court provided Davis with additional time within which to file a reply to address the impact of the *Dinkins* decision on his pending habeas petition. [R. 27] Davis filed his reply addressing the impact of *Dinkins* on August 1, 2019. [R. 28] Thus, this matter has been fully briefed and is ripe for review.

**I.**

In May 2009, Davis pled guilty in the United States District Court for the Western District of Tennessee to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g). *United States v. Davis*, No. 2:08-cr-20316-SHM-1 (W.D. Tenn.) at R. 2, 37. At his August 26, 2009 sentencing hearing, the District Court determined that Davis qualified as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), which provides for an enhanced mandatory minimum sentence of 180 months imprisonment for a defendant convicted under § 922(g) who has three previous convictions for violent felonies or serious drug offenses. Specifically, the District Court determined that, as set forth in the Presentence Investigation Report ("PSR") prepared by the United States Probation Office, Davis's criminal history includes the following four convictions, each of which qualify as an ACCA predicate offense: 1) a 1991 conviction for North Carolina common law robbery; 2) a 1992 conviction for North Carolina felony robbery with a dangerous weapon; 3) a 1992 conviction for federal bank robbery; and 4) a 1992 conviction for North Carolina felony common law robbery. [R. 16 at p. 12-17]. *See also United States v. Davis*, No. 2:08-cr-20316-SHM-1 (W.D. Tenn.) at R. 49, p. 16. Accordingly, in light of his convictions for four qualifying ACCA

predicate offenses, Davis was sentenced to the statutory minimum term of imprisonment of 180 months. *Id*. at R. 44.

Although Davis appealed his conviction to the United States Court of Appeals for the Sixth Circuit, the District Court's Judgment was affirmed. *Id*. at R. 55. His subsequent efforts to obtain relief from his sentence, including a motion filed pursuant to 28 U.S.C. § 2255, have all been denied or dismissed. [R. 14 at p. 2-4, discussing the history of Davis's post-convictions motions seeking relief from his conviction and sentence]

In his § 2241 petition filed in this Court, Davis challenges the use of his two prior convictions for North Carolina common law robbery for purposes of the enhancement of his sentence under the ACCA. Specifically, he argues that North Carolina common law robbery no longer qualifies as a "violent felony" for purposes of an ACCA enhancement pursuant to *United States v. Gardner*, 823 F.3d 793 (4th Cir. 2016).[2] However, having thoroughly reviewed the petition, the response filed by Respondent, and the subsequent briefing regarding *Dinkins*, the Court must deny relief.

## II.

A federal prisoner generally may not use a § 2241 petition to challenge the enhancement of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather, a prisoner who wishes to challenge the legality of his conviction or sentence must file a motion

---

[2] Although Davis also cites to *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551, (2015) and *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016), this Court previously determined upon screening Davis's petition pursuant to 28 U.S.C. § 2243 that he is not entitled to relief under either *Johnson* or *Welch*. [R. 7] Specifically, the Court found that these claims could and must have been asserted in a second or successive motion under § 2255. *In re: Watkins*, 810 F.3d 375 (6th Cir. 2015). In addition, the United States Court of Appeals for the Sixth Circuit has already considered and rejected Davis's *Johnson* claim, finding that Davis's sentence was not enhanced pursuant to the ACCA's residual clause, thus *Johnson* does not apply to him. *In re: Lonnie B. Davis*, No. 17-5386 (6th Cir. Sep. 22, 2017).

under § 2255. *Id*. (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review..."). In other words, prisoners cannot use a habeas petition under § 2241 as yet another "bite at the apple." *Hernandez*, 16 F. App'x at 360.

The decidedly narrow scope of relief under § 2241 applies with particular force to challenges not to convictions, but to the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the

Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his or her federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F.3d at 599-600. [3]

Davis was sentenced in 2009, long after *Booker* was decided. *See Contreras v. Ormond*, No. 18-5020 at p. 2-3 (6th Cir. Sept. 10, 2018) (petitioner did not fall within the narrow exception recognized by *Hill* because he was sentenced post-*Booker* in 2009). It is true that Davis was sentenced to a statutory mandatory minimum sentence under the ACCA, rather than under Sentencing Guidelines rendered advisory by *Booker*. Even so, his petition most clearly fails to satisfy the third requirement of *Hill*, as Davis fails to point to a retroactively applicable decision issued by the United States Supreme Court establishing that his prior common law robbery convictions no longer qualify as valid predicate offenses for purposes of the ACCA.

In his petition, Davis argues that, in light of the Fourth Circuit's holding in *Gardner*, North Carolina common law robbery no longer qualifies as a "violent felony" for purposes of an ACCA enhancement. In *Gardner*, the Fourth Circuit analyzed North Carolina common law robbery using the "categorical approach" and concluded that "the minimum conduct necessary to sustain a conviction for North Carolina common law robbery does not necessarily include the use, attempted use, or threatened use of 'force capable of causing physical pain or injury to another person,' as required by the force clause of the ACCA." *Gardner*, 823 F.3d at 804. Thus, the Court held that "North Carolina common law robbery does not qualify categorically as a 'violent felony' under the ACCA." *Id*.

---

[3] In its Response, Respondent explains that the Department of Justice has recently changed its position regarding the availability of savings clause relief and argues that *Hill* was wrongly decided. [R. 14 at p. 5-8] However, *Hill* remains the law of the Sixth Circuit and, accordingly, is binding on this Court. *See Rutherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009).

However, in *Dinkins*, the Fourth Circuit noted that the United States Supreme Court had "recently revisited the definition of 'physical force' under the ACCA's force clause to determine whether the offense of robbery under Florida law…constituted a predicate offense under that clause." *Dinkins*, 928 F.3d at 354 (citing *Stokeling v. United States*, --- U.S. ----, 139 S. Ct. 544, 202 L.Ed.2d 512 (2019)). Applying the holding of *Stokeling* to North Carolina common law robbery, the Fourth Circuit in *Dinkins* held that "because North Carolina's case law establishes that the state's common law robbery offense requires the use of force sufficient to overcome the victim's resistance, that offense is encompassed by the holding of *Stokeling* and qualifies as a violent felony under the ACCA's force clause." *Id*. at 357. The Court further stated that "[t]o the extent that this outcome conflicts with our prior decision in *United States v. Gardner*, 823 F.3d 793, that decision has been abrogated by *Stokeling*." *Id*. at 357-358.

Thus, to the extent that Davis argues that his prior convictions for North Carolina common law robbery no longer qualify as "violent felonies" for purposes of the ACCA enhancement, that argument is now foreclosed by *Dinkins*. Davis's argument that the Court should ignore *Dinkins* simply because it was issued after his petition was filed is without merit. Therefore, Davis's petition will be denied.

Accordingly, **IT IS ORDERED** as follows:

1. Davis's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 **[R. 1]** is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This the 15th day of August, 2019.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY